# Exhibit B

Documents in State Court Action

Electronically Filed - Clinton - August 27, 2019 - 02:35 PM

## IN THE CIRCUIT COURT OF CLINTON COUNTY MISSOURI

| | | |
|---|---|---|
| **ERIC JONES,** | ) | |
| Individually And On Behalf Of | ) | |
| All Others, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Case No.: |
| vs. | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| **PAYDAYZ STAFFING** | **)** | |
| **SOLUTIONS, INC.** | **)** | |
| **Registered Agent:** | **)** | |
| **URS Agents, LLC** | **)** | |
| **9515 W. 148th Terrace** | **)** | |
| **Overland Park, KS 66221** | **)** | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

**COMES NOW** the Plaintiff, Eric Jones, by and through his attorneys, and on behalf of himself, the Putative Classes set forth below, and in the public interest, brings the following class action Petition against Defendant, Paydayz Staffing Solutions, Inc., ("Defendant"), pursuant to the Fair Credit Reporting Act ("FCRA").

## PRELIMINARY STATEMENTS

1. Plaintiff brings this action against Defendant for violations of the FCRA.

2. Defendant obtained information concerning the Plaintiff from a third party.

3. Defendant paid a fee to a third party for the information it obtained concerning the Plaintiff.

4. The information obtained from the third party concerning the Plaintiff was a Consumer Report (as a Consumer Report is defined pursuant to the FCRA).

5. Defendant relies on information in Consumer Reports to make decisions regarding prospective or current employees.

6. Defendant relies on information in a Consumer Report, in whole or in part, as a basis for adverse employment action; such as a rescission of employment offer, refusal to hire and/or termination.

7. Plaintiff asserts FCRA claims against Defendant on behalf of himself and a class of Defendant's employees and prospective employees whose rights under the FCRA were violated.

8. On behalf of himself and all class members, Plaintiff seeks statutory damages punitive damages, costs and attorneys fees, and all other relief available pursuant to the FCRA.

## PARTIES

9. Plaintiff Jones is a resident of Kansas City, Missouri. Plaintiff is a member of the Putative Classes defined below.

10. Defendant is a foreign company doing business in Missouri and throughout the United States.

## JURISDICTION AND VENUE

11. This court has jurisdiction over Plaintiff's FCRA claim pursuant to 15 U.S.C. § 1681p and Article V, Section 14(a) of the Constitution of Missouri.

12. Venue is proper in this Court pursuant to R.S.Mo. 508.010.2(4).

## FACTUAL ALLEGATIONS

13. Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

14. Plaintiff applied online for employment with Defendant in or about August of 2019.

15. Plaintiff received a phone call for an interview the following day.

16. Plaintiff was told Defendant had a position available but had to run a Consumer Report.

17. Plaintiff called the Defendant a couple of days after the interview and Plaintiff was told over the phone that he was not being hired due to his Consumer Report.

18. Plaintiff requested a copy of his Consumer Report but was never provided with a copy from the Defendant.

19. Plaintiff was told that he was denied employment based on his Consumer Report, but did not receive a pre-adverse action letter or copy of the Consumer Report from the Defendant.

20. Defendant's denial of employment prior to the receipt of the Consumer Report and the FCRA Summary of Rights left the Plaintiff confused regarding his ability to address the information in the Consumer Report.

21. Denying the Plaintiff a job because of information in his Consumer Report is an adverse action.

22. Plaintiff was not provided with a reasonable amount of time to address, explain, and/or challenge any information in the Consumer Report.

23. Plaintiff was not provided with an FCRA summary of rights prior to the adverse action that was based upon his Consumer Report.

24. On information and belief, Defendant contracted with the third party that provided the Consumer Report that Defendant would provide a copy of the Consumer Report and a copy of the FCRA Summary of Rights before any adverse action was taken based in whole or in part on information contained within a Consumer Report.

25. The agreements made between the Defendant and the Consumer Reporting Agency providing the Consumer Report require the Defendant to abide by the protections provided by 15 U.S.C. §1681b(b)(2) and b(b)(3).

26. Defendant is aware of the FCRA.

27. Defendant has knowledge that it must comply with the FCRA.

28. Despite having knowledge of the requirements of the FCRA, Defendant failed to comply with the FCRA.

29. Defendant's failure to provide the Plaintiff with a copy of the Consumer Report, a reasonable notice period in which to address and/or challenge any information in the Consumer Report, or a written description of rights under the FCRA prior to the adverse action, constitutes multiple violations of the FCRA.

30. Defendant's violations of the FCRA combined with its knowledge of the requirements of the FCRA is evidence that the Defendant's violations were willful.

31. The manner in which the Defendant obtained a Consumer Report on the Plaintiff is consistent with its policies and procedures governing the procurement of Consumer Reports on individuals for employment purposes.

## CLASS ACTION ALLEGATIONS

32. Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

33. Plaintiff asserts the following adverse action class defined as:

> **Proposed Adverse Action Class:** All employees or prospective employees of Defendant that suffered an adverse employment action on or after August 27, 2017, that was based, in whole or in part, on information contained in a Consumer Report, and who were not provided a copy of the Consumer Report in advance of the adverse action.

**Numerosity**

34. The proposed class is so numerous that joinder of all class members is impracticable. Defendant regularly obtains and uses information in Consumer Reports to evaluate individuals for employment purposes. Defendant relies on the information contained it said Consumer Reports, in whole or in part, as a basis for adverse employment action. Given the number of employees working for and/or applying for employment with the Defendant, Plaintiff believes that during the relevant time period, a sufficient number of individuals would fall within the definition of the class.

**Common Questions of Law and Fact**

35. Virtually all of the issues of law and fact in this class action or, to the class predominate over any questions affecting individual class members. Among the questions of law and fact common to the class are:

   a. Whether Defendant uses Consumer Report information to evaluate individuals for employment purposes;

   b. Whether Defendant violated the FCRA by taking adverse action against Plaintiff and other members of the Adverse Action class on the basis of information in a Consumer Report, without first providing a copy of the Consumer Report to the affected individuals;

   c. Whether the Defendant violated the FCRA by failing to provide the Plaintiff and other members of the Adverse Action Class with a reasonable amount of time to address any information within the Consumer Report prior to the adverse employment action;

   d. Whether Defendant's violations of the FCRA were willful;

   e. The proper measure of statutory damages and punitive damages.

**Typicality**

36. Plaintiff's claims are typical of the members of the proposed class. The FCRA

violations suffered by Plaintiff are typical of those suffered by other class members. Defendant typically uses Consumer Reports to take adverse actions but fails to provide the consumer a copy of the report before taking an adverse employment action based on information contained in said report. The FCRA violations suffered by Plaintiff are typical of those suffered by other class members and the Defendant treated Plaintiff consistent with other Putative Class members in accordance with its standard policies and practices.

### Adequacy of Representation

37. Plaintiff, as representative of the class, will fairly and adequately protect the interests of the class and has no interest that conflict with or are antagonistic to the interest of the class members. Plaintiff has retained attorneys competent and experienced in class action litigation. No conflict exists between Plaintiff and members of the class.

### Superiority

38. A class action is superior to any other available method for the fair and efficient adjudication this controversy, and common questions of law and fact overwhelmingly predominate over individual questions that may arise.

39. This case is maintainable as a class action under Rule 52 of the Missouri Rules of Civil Procedure because prosecution of actions by or against individual members of the putative class would result in inconsistent or varying adjudications and create the risk of incompatible standards of conduct for Defendant. Further, adjudication of each individual class member's claim as a separate action will potentially be dispositive of the interest of other individuals not a party to such

action, impeding their ability to protect their interests.

40. This case is maintainable as a class action under Rule 52 of the Missouri Rules of Civil Procedure because Defendant has acted or refused to act on grounds that apply generally to the class, so that any final relief is appropriate respecting the class as a whole.

41. Class certification is also appropriate under Rule 52 of the Missouri Rules of Civil Procedure because questions of law and fact common to the putative class predominate over any questions affecting only individual members of the putative class, and because a class action superior to other methods for the fair and efficient adjudication of this litigation. Defendant's conduct described in this Complaint stems from common and uniform policies and practices, resulting in common violations of the FCRA. Members of the Putative Class do not have an interest in pursuing separate actions against the Defendant, as the amount of each class member's individual claims is small compared to the expense and burden of individual prosecution. Class certification also will obviate the need for unduly duplicative litigation that might result the inconsistent judgments concerning Defendant's practices. Moreover, management of this action as a class action will not present any likely difficulties. In the interests of justice and judicial efficiencies, it would be desirable to concentrate the litigation of all putative class members' claims in a single forum.

42. Plaintiff intends to send notice to all members of the putative class to the extent required by Rule 52 of the Missouri Rules of Civil Procedure. The names and address of the potential class members are available from Defendant's records.

## FCRA VIOLATIONS

43. Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

44. Defendant obtained a "Consumer Report," as defined by the FCRA, concerning the Plaintiff.

45. Defendant used a Consumer Report, as defined by the FCRA, to take adverse employment action against Plaintiff, and on information and belief, other members of the adverse action class.

46. Defendant violated the FCRA by failing to provide Plaintiff, and other adverse action class members, with a copy of the Consumer Report that was used to take adverse employment action against them prior to the adverse action.

47. Defendant violated the FCRA by failing to provide the Plaintiff and other adverse action class members with a reasonable time to address any information or inaccuracies within the Consumer Reports prior to the adverse action.

48. Had Defendant complied with the FCRA, Plaintiff would have been given time to review, dispute, contest, and/or address the information contained in the Consumer Report.

49. Plaintiff was not provided with a reasonable amount of time to review, dispute, contest, address and/or otherwise challenge any information that may have been present in the Consumer Report before the adverse action.

50. Plaintiff was not provided with a FCRA Summary of Rights prior to the adverse action that was based in whole or in part upon the Consumer Report.

51. The Defendant's failure to provide the Plaintiff a copy of the Consumer Report or the FCRA Summary of Rights denied the Plaintiff a meaningful opportunity to

address the information contained within the Consumer Report.

52. A copy of the Summary of Rights before termination would have helped the Plaintiff understand what his rights were and would have provided valuable

53. Defendant's failure to abide by the FCRA's notice provisions deprived the Plaintiff of required information and his right to address the information being used to deny his employment.

54. The foregoing violations were willful. Defendant acted in deliberate or reckless disregard of its obligations and rights of Plaintiff and other adverse action class members under the provisions of the FCRA. Defendant's willful conduct is reflected by, among other things, the following facts:

   a. Defendant has access to legal advice;

   b. Defendant committed multiple violations of the FCRA by not providing the Plaintiff with a copy of the Consumer Report, and not providing the Plaintiff with a reasonable notice period to address and/or cure any information before taking adverse employment action as mandated by the FCRA;

   c. The Defendant has ignored regulatory guidance from FTC Informal Staff Opinions and the unambiguous language of the FCRA; and

   d. 15 U.S.C. §1681-1681y, requires credit agencies to provide notice to users of Consumer Reports of the users legal obligations under the FCRA prior to the procurement of Consumer Reports.

55. Plaintiff and the proposed class members are entitled to statutory damages of not less than $100 and not more than $1000 for each and every one of these violations, pursuant to 15 U.S.C. §1681n(a)(1)(A).

56. Plaintiff and the proposed class members are also entitled to punitive damages for these violations, pursuant to 15 U.S.C. §1681n(a)(2).

57. Plaintiff and the proposed class members are further entitled to recover their costs and attorneys' fees, pursuant to 15 U.S.C. §1681n(a)(3).

**WHEREFORE,** the Plaintiff respectfully requests that this Court issue an Order for the following:

a.   An Order that this action may proceed as a class action under Rule 52 of the Missouri Rules of Civil Procedure;

b.   Order designating Plaintiff as class representative and designating Plaintiff's counsel as counsel for the Putative Class;

c.   Order directing proper notice to be mailed to the Putative Classes at Defendant's expense;

d.   Order finding that Defendant committed multiple, separate violations of the FCRA;

e.   Order finding that Defendant acted willfully in deliberate or reckless disregard of Plaintiff's rights and its obligations of the FCRA;

f.   Order awarding statutory damages and punitive damages as provided the FCRA;

g.   Order awarding reasonable attorneys' fees and costs as provided by the FCRA; and

h.   Order granting other and further relief, in law or equity, as this Court may deem appropriate and just.

### Demand for Jury Trial

Plaintiff hereby demands a jury trial on all causes of action and claims with respect to which Plaintiff and all members of the proposed class have a right to jury trial.

By: /s/ C. Jason Brown
Charles Jason Brown MO 49952
Jayson A. Watkins MO 61434
Brown & Watkins LLC
301 S. US 169 Hwy
Gower Missouri 64454
Tel: 816-505-4529
Fax: 816-424-1337
brown@brownandwatkins.com
watkins@brownandwatkins.com
ATTORNEY FOR PLAINTIFF

Electronically Filed - Clinton - August 27, 2019 - 02:35 PM

**IN THE CIRCUIT COURT OF CLINTON COUNTY MISSOURI**

| | | |
|---|---|---|
| **ERIC JONES,** | ) | |
| Individually And On Behalf Of | ) | |
| All Others, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Case No.: |
| vs. | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| **PAYDAYZ STAFFING** | **)** | |
| **SOLUTIONS, INC.,** | **)** | |
| Defendant. | ) | |

**MOTION FOR APPOINTMENT OF PRIVATE PROCESS SERVER**

Comes now Plaintiff, by and through counsel, and pursuant to Local Rule of

Clinton County, hereby moves for the appointment of Joseph Baska of HPS Process

Service & Investigations, Inc., as private process server in the above captioned-matter.

Plaintiff states that Joseph Baska is over the age of 18 and is not a party to this action.

By: /s/ C. Jason Brown
Charles Jason Brown MO 49952
Jayson A. Watkins MO 61434
Brown & Watkins LLC
301 S. US 169 Hwy
Gower Missouri 64454
Tel: 816-424-1390
Fax: 816-424-1337
brown@brownandwatkins.com
watkins@brownandwatkins.com
ATTORNEY FOR PLAINTIFFS

Electronically Filed - Clinton - August 27, 2019 - 02:35 PM

## IN THE CIRCUIT COURT OF CLINTON COUNTY MISSOURI

| | |
|---|---|
| **ERIC JONES,** ) | |
| Individually And On Behalf Of ) | |
| All Others, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | Case No.: |
| vs. ) | |
| ) | |
| **PAYDAYZ STAFFING** ) | |
| **SOLUTIONS, INC.,** ) | |
| Defendant. ) | |

### FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

PLEASE TAKE NOTICE THAT Plaintiff requests that Defendant produce for inspection and copying the documents described below. Production shall be made at the office of Plaintiff's attorneys, C. Jason Brown and Jayson A. Watkins, Brown & Watkins LLC; 301 S. US 169 Hwy; Gower Missouri 64454, within the time prescribed by the applicable rules of civil procedure or at such other time and place as may be mutually agreed.

If there are documents responsive to any of the foregoing Requests which Defendant refuses to produce, please define or designate the documents in your Response with sufficient particularity, pursuant to the Federal Rules of Civil Procedure, to allow us to make a motion for a court order to require production of these documents.

PLEASE TAKE NOTICE THAT Plaintiff will object to the introduction at trial of any document which is not produced in response to the foregoing Requests and to any evidence about any requested document which has not been revealed by an appropriate response to this Request for Production of Documents.

Plaintiff will at the time of trial move the court for an order excluding from evidence all tangible or intangible things known to you at the time of your responses to these Requests and Interrogatories not disclosed in your response thereto.

## REQUESTS FOR PRODUCTION

**Request No. 1:**  Any and all documents the Defendant used to disclose to the Plaintiff that a consumer report would be procured for employment purposes.

**Response:**

**Request No. 2:**  Any and all documents in which the Defendant received authorization from the Plaintiff to obtain a consumer report for employment purposes.

**Response:**

                              Respectfully submitted,

                              By: /s/ C. Jason Brown_____
                              C. Jason Brown MO #49952
                              Jayson A. Watkins MO #61434
                              Brown & Watkins LLC
                              301 S. US 169 Hwy
                              Gower Missouri 64454
                              Tel: 816-424-1390
                              Fax: 816-424-1337
                              watkins@brownandwatkins.com
                              ATTORNEY FOR PLAINTIFF

Electronically Filed - Clinton - August 27, 2019 - 02:37 PM

**IN THE CIRCUIT COURT OF CLINTON COUNTY MISSOURI**

| | |
|---|---|
| **ERIC JONES,** | ) |
| Individually And On Behalf Of | ) |
| All Others, | ) |
| | ) |
| Plaintiffs, | ) |
| | )    Case No.: |
| vs. | ) |
| | ) |
| **PAYDAYZ STAFFING** | **)** |
| **SOLUTIONS, INC.,** | **)** |
| Defendant. | ) |

## ENTRY OF APPEARANCE

**COMES NOW** Jayson Watkins and hereby enters his appearance as counsel of record

for Plaintiff and those similarly situated in the above captioned matter.

Respectfully submitted,

By: /s/ Jayson A. Watkins____
Jayson A. Watkins MO #61434
Brown & Watkins LLC
301 S. US 169 Hwy
Gower Missouri 64454
Tel: 816-424-1390
Fax: 816-424-1337
watkins@brownandwatkins.com
ATTORNEY FOR PLAINTIFF

Electronically Filed - Clinton - August 27, 2019 - 02:35 PM

## IN THE CIRCUIT COURT OF CLINTON COUNTY MISSOURI

| | | |
|---|---|---|
| **ERIC JONES,** | ) | |
| Individually And On Behalf Of | ) | |
| All Others, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Case No.: |
| vs. | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| **PAYDAYZ STAFFING** | **)** | |
| **SOLUTIONS, INC.,** | **)** | |
| Defendant. | ) | |

> *FILED*
> *8/28/2019*
> *ELLIS DOCKRAY*
> *CIRCUIT CLERK*
> *EX-OFFICIO RECORDER*
> *CLINTON CO, MO*

### ORDER FOR APPOINTMENT OF PRIVATE PROCESS SERVER

It is hereby ordered that Plaintiff's Motion for Appointment of Private Process

Server is sustained and Joseph Baska who is over the age of 18 and not a party to this

action, of HPS Process Service & Investigations, Inc., is hereby appointed to serve

process in the above captioned matter.

DATE: __08-28-19__

_____
Judge or Circuit Clerk



# IN THE 43RD JUDICIAL CIRCUIT, CLINTON COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division:<br>R BRENT ELLIOTT | Case Number:  19CN-CC00056 |
| Plaintiff/Petitioner:<br>ERIC JONES<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>CHARLES JASON BROWN<br>301 S US HIGHWAY 169<br>GOWER, MO  64454-9116 |
| Defendant/Respondent:<br> PAYDAYZ STAFFING SOLUTIONS, INC. | Court Address:<br>207 NORTH MAIN<br>PLATTSBURG, MO  64477 |
| Nature of Suit:<br>CC Other Miscellaneous Actions | |

*FILED*
*8/28/2019*
***ELLIS DOCKRAY***
***CIRCUIT CLERK***
***EX-OFFICIO RECORDER***
***CLINTON CO, MO***

(Date File Stamp)

## Summons in Civil Case

The State of Missouri to:  PAYDAYZ STAFFING SOLUTIONS, INC.
   Alias:

**REGISTERED AGENT:**
**URS AGENTS, LLC**
**9515 W. 148TH TERRACE**
**OVERLAND PARK, KS 66221**
*COURT SEAL OF*

*CLINTON COUNTY*

**You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.**

08-28-19
_____
Date

_____
Clerk

Further Information:

BY: DENA MCCREA, DEPUTY CLERK

### Sheriff's or Server's Return

Note to serving officer: Summons should be returned to the court within 30 days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the defendant/respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the defendant/respondent with _____, a person of the defendant's/respondent's family over the age of 15 years who permanently resides with the defendant/respondent.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the complaint to:
_____ (name) _____ (title).

☐ other: _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____        _____
Printed Name of Sheriff or Server             Signature of Sheriff or Server
**Must be sworn before a notary public if not served by an authorized officer:**

Subscribed and sworn to before me on _____ (date).

*(Seal)*

My commission expires: _____        _____
                                    Date                              Notary Public

| **Sheriff's Fees, if applicable** | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary<br>Supplemental Surcharge | $____10.00____ |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| **Total** | $_____ |

A copy of the summons and a copy of the petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (06-18) SM30 (SMCC) For Court Use Only: Document Id # 19-SMCC-382     1 of 1     Civil Procedure Form No. 1, Rules 54.01 – 54.05,<br>54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

Case 5:19-cv-06130-HFS   Document 1-2   Filed 10/02/19   Page 18 of 22

Electronically Filed - Clinton - September 09, 2019 - 01:47 PM



**IN THE 43RD JUDICIAL CIRCUIT, CLINTON COUNTY, MISSOURI**

| | | |
|---|---|---|
| Judge or Division:<br>R BRENT ELLIOTT | Case Number: 19CN-CC00056 | **FILED**<br>**8/28/2019**<br>**ELLIS DOCKRAY**<br>**CIRCUIT CLERK**<br>**EX-OFFICIO RECORDER**<br>**CLINTON CO, MO** |
| Plaintiff's/Petitioner:<br>ERIC JONES<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>CHARLES JASON BROWN<br>301 S US HIGHWAY 169<br>GOWER, MO 64454-9116 | |
| Defendant/Respondent:<br>PAYDAYZ STAFFING SOLUTIONS, INC. | Court Address:<br>207 NORTH MAIN<br>PLATTSBURG, MO 64477 | |
| Nature of Suit:<br>CC Other Miscellaneous Actions | | (Date File Stamp) |

## Summons in Civil Case

The State of Missouri to: PAYDAYZ STAFFING SOLUTIONS, INC.
　　　　　　　　　　　　　　Alias:

**REGISTERED AGENT:**
**URS AGENTS, LLC**
**9515 W. 148TH TERRACE**
**OVERLAND PARK, KS 66221**

*COURT SEAL OF*

*CLINTON COUNTY*

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

　　08-28-19　　　　　　　　　　　　　　　　　　　　　　　　　　　
　　　　Date　　　　　　　　　　　　　　　　　　　　Clerk

Further Information:　　　　　　　　BY: DENA MCCREA, DEPUTY CLERK

### Sheriff's or Server's Return

Note to serving officer: Summons should be returned to the court within 30 days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the defendant/respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the defendant/respondent with _____, a person of the defendant's/respondent's family over the age of 15 years who permanently resides with the defendant/respondent.

☒ (for service on a corporation) delivering a copy of the summons and a copy of the complaint to: _Debbie McWatta_ (name) _Registered Agent_ (title).

☐ other: _____

Served at _9515 West 148th Terr, Overland Park, KS_ (address)

in _Johnson_ (County/City of St. Louis), MO, on _9/3/19_ (date) at _12:40p_ (time).

_Joseph Barker_
Printed Name of Sheriff or Server

Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

My Commission Expires Subscribed and sworn to before me on _9-4-19_ (date).

*(Seal)* February 24, 2021
　　Clay County
Commission #13452... My commission expires: _2-24-2021_
　　　　　　　　　　　　　　　　　　　　　　Date

_____
Notary Public

| Sheriff's Fees, if applicable | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary Supplemental Surcharge | $ 10.00 |
| Mileage | $_____ (_____ miles @ $_____ per mile) |
| Total | $_____ |

A copy of the summons and a copy of the petition must be served on each defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (06-18) SM30 (SMCC) *For Court Use Only:* Document Id # 19-SMCC-382　　　1 of 1　　　Civil Procedure Form No. 1; Rules 54.01 – 54.05, 54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

# AFFIDAVIT OF SERVICE

**State of Missouri**            **County of Clinton**            **Circuit Court**

Case Number: 19CN-CC00056

Plaintiff/Petitioner:
**ERIC JONES**

vs.

Defendant/Respondent:
**PAYDAYZ STAFFING SOLUTIONS, INC.**

Received by HPS Process Service & Investigations to be served on **Paydayz Staffing Solutions, Inc. c/o URS Agents, LLC., 9515 West 148th Terrace, Overland Park, KS 66221.**

I, JOSEPH BASKA, being duly sworn, depose and say that on the **3rd day of September, 2019** at **12:40 pm, I:**

SERVED this **Summons in Civil Case; Motion and Order for Appointment of Private Process Server; First Request for Production of Documents; and Complaint** on **Debbie McWatter** as REGISTERED AGENT at the provided address of 9515 West 148th Terrace, Overland Park, KS 66221.

I am over the age of eighteen, and have no interest in the above action.

Subscribed and Sworn to before me on the ____ day
of _____ by the affiant who is
personally known to me.

_____
NOTARY PUBLIC

A. MOON
My Commission Expires
February 24, 2021
Clay County
Commission #13452192

**JOSEPH BASKA**
Process Server

**HPS Process Service & Investigations**
**www.hpsprocess.com**
**1669 Jefferson**
**Kansas City, MO 64108**
**(800) 796-9559**

Our Job Serial Number: HAT-2019016914

Copyright © 1992-2019 Database Services, Inc. - Process Server's Toolbox V8.1c

Electronically Filed - Clinton - September 09, 2019 - 01:47 PM



**IN THE 43RD JUDICIAL CIRCUIT, CLINTON COUNTY, MISSOURI**

| Judge or Division:<br>R BRENT ELLIOTT | Case Number: 19CN-CC00056 | *FILED*<br>*8/28/2019*<br>**ELLIS DOCKRAY**<br>**CIRCUIT CLERK**<br>**EX-OFFICIO RECORDER**<br>**CLINTON CO, MO** |
|---|---|---|
| Plaintiff's/Petitioner:<br>ERIC JONES<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>CHARLES JASON BROWN<br>301 S US HIGHWAY 169<br>GOWER, MO 64454-9116 | |
| Defendant/Respondent:<br>PAYDAYZ STAFFING SOLUTIONS, INC. | Court Address:<br>207 NORTH MAIN<br>PLATTSBURG, MO 64477 | |
| Nature of Suit:<br>CC Other Miscellaneous Actions | | (Date File Stamp) |

## Summons in Civil Case

| The State of Missouri to: PAYDAYZ STAFFING SOLUTIONS, INC.<br>Alias: | |
|---|---|
| **REGISTERED AGENT:**<br>URS AGENTS, LLC<br>9515 W. 148TH TERRACE<br>OVERLAND PARK, KS 66221<br>*COURT SEAL OF*<br><br>**CLINTON COUNTY** | You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.<br><br>___08-28-19___        _____<br>Date              Clerk<br>Further Information:<br>            BY: DENA MCCREA, DEPUTY CLERK |

### Sheriff's or Server's Return

Note to serving officer: Summons should be returned to the court within 30 days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the defendant/respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the defendant/respondent with _____, a person of the defendant's/respondent's family over the age of 15 years who permanently resides with the defendant/respondent.

☒ (for service on a corporation) delivering a copy of the summons and a copy of the complaint to: _Debbie McWilter_ (name) _Registered Agent_ (title).

☐ other: _____

Served at _9515 West 148th Terr, Overland Park, KS_ (address)

in _Johnson_ (County/City of St. Louis), MO, on _9/3/19_ (date) at _12:40 PM_ (time).

_Joseph Barker_
Printed Name of Sheriff or Server

Signature of Sheriff or Server

Must be sworn before a notary public if not served by an authorized officer:

My Commission Expires Subscribed and sworn to before me on _9-4-19_ (date).

*(Seal)* February 24, 2021    Clay County
Commission #13452   My commission expires: _2/24/2021_
Date

_____
Notary Public

| Sheriff's Fees, if applicable | |
|---|---|
| Summons | $ _____ |
| Non Est | $ _____ |
| Sheriff's Deputy Salary<br>Supplemental Surcharge | $ __10.00__ |
| Mileage | $ _____ ( ____ miles @ $. _____ per mile) |
| Total | $ _____ |

A copy of the summons and a copy of the petition must be served on each defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (06-18) SM30 (SMCC) *For Court Use Only:* Document Id # 19-SMCC-382    1 of 1    Civil Procedure Form No. 1; Rules 54.01 – 54.05, 54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

# AFFIDAVIT OF SERVICE

**State of Missouri**                    **County of Clinton**                    **Circuit Court**

Case Number: 19CN-CC00056

Plaintiff/Petitioner:
**ERIC JONES**

vs.

Defendant/Respondent:
**PAYDAYZ STAFFING SOLUTIONS, INC.**

Received by HPS Process Service & Investigations to be served on **Paydayz Staffing Solutions, Inc. c/o URS Agents, LLC., 9515 West 148th Terrace, Overland Park, KS 66221.**

I, JOSEPH BASKA, being duly sworn, depose and say that on the **3rd day of September, 2019 at 12:40 pm, I:**

SERVED this Summons in Civil Case; Motion and Order for Appointment of Private Process Server; First Request for Production of Documents; and Complaint on Debbie McWatter as REGISTERED AGENT at the provided address of 9515 West 148th Terrace, Overland Park, KS 66221.

I am over the age of eighteen, and have no interest in the above action.

Subscribed and Sworn to before me on the ____ day
of _____ by the affiant who is
personally known to me.

_____
NOTARY PUBLIC

A. MOON
My Commission Expires
February 24, 2021
Clay County
Commission #13452192

**JOSEPH BASKA**
Process Server

**HPS Process Service & Investigations**
**www.hpsprocess.com**
**1669 Jefferson**
**Kansas City, MO 64108**
**(800) 796-9559**

Our Job Serial Number: HAT-2019016914

Copyright © 1992-2019 Database Services, Inc. - Process Server's Toolbox V8.1c